

# THE ATTORNEY GENERAL
# OF TEXAS

July 21, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Carl A. Parker             Opinion No. JM-754
Chairman
Education Committee                  Re:   Whether the governor has the
Texas State Senate                   the authority to sign certificates
P. O. Box 12068                      of need required by federal agency
Austin, Texas  78711

Dear Senator Parker:

You ask whether the governor of Texas has the authority to sign certificates of need required by the Department of Housing and Urban Development pursuant to 12 U.S.C. section 1715w(d)(4)(A).  Before we can address your specific question, we must explain the history of the National Health Planning and Resources Development Act of 1974, a federal statute that was repealed in 1986, and we must also explain the history of the Texas Health Facilities Commission.

The National Health Planning and Resources Development Act of 1974, 42 U.S.C. §§300k et seq. (repealed by Act of Nov. 14, 1986, Pub. L. No. 99-660, 100 Stat. 3799), provided for national, regional, and state health care planning and development.  The act authorized the Secretary of Health and Human Services and the governor of a state to enter into an agreement designating a state agency to administer the state administrative program provided for in the federal act.  See 42 U.S.C. §300m(b)(1)(repealed by Act of Nov. 14, 1986, supra).  The Secretary could not enter into such an agreement, however, unless he was satisfied that the designated state agency had the authority and resources to administer the state program.  See 42 U.S.C. §300m(b)(1)(B)(repealed by Act of Nov. 14, 1986, supra).  If the Secretary and the governor of a particular state failed to reach an agreement designating a state agency to administer the state program, the state could lose certain federal funds.  See 42 U.S.C. §300m(d)(repealed by Act of Nov. 14, 1986, supra).

One of the functions a designated state agency was required to perform was the administration of a state certificate of need program. See 42 U.S.C. §300m-2(a)(4)(B)(repealed by Act of Nov. 14, 1986, supra).  In 1975 the Texas legislature enacted the Health Planning and Development Act, which created the Texas Health Facilities Commission, to implement the National Health Planning and Resources Development Act of 1974.  Acts 1975, 64th Leg., ch. 323 at 832; V.T.C.S. art.

4418h, §1.02.  The Health Facilities Commission was given authority to administer a state certificate of need program.  V.T.C.S. art. 4418h, §2.06(1)(expired Sept. 1, 1985).  Because the Health Facilities Commission was "administratively attached to the Texas Department of Health Resources," article 4418h, §2.01, V.T.C.S., it is not clear whether the Department of Health Resources (now the Department of Health) or the Health Facilities Commission itself was intended to be the state agency designated to administer the federal plan.  See V.T.C.S. art. 4418h, §4.01, ·(naming the Department of Health as the state health planning and development agency for Texas); see generally Final Report of the Sunset Advisory Commission to the Governor of Texas and Members of the Sixty-ninth Legislature (Jan. 1985)(indicating that the Department of Health Resources was intended to be the state agency designated under the federal statute).

The Health Facilities Commission was subject to sunset review in 1985.  See Gov't. Code §§325.001 through 325.021 (sunset law). Because the legislature did not continue the existence of the Health Facilities Commission, the provisions in article 4418h that established the commission and the certificate of need program expired on September 1, 1985.  Texas Sunset Act, Acts 1977, 65th Leg., ch. 735, art. 2, §2.114 at 1848.  After the expiration of those provisions there was no longer a requirement under Texas law that health facilities obtain a certificate of need; nor was there a state agency with authority to issue certificates of need.

We now turn to your specific question.  You ask whether the governor has authority to sign certificates of need to satisfy the requirements of a federal statute that provides for federal mortgage insurance for nursing homes and certain other health-care facilities. 12 U.S.C. §1715w.  Subsection (d)(4)(A) of that statute provides:

> With respect to nursing homes and intermediate care facilities and combined nursing home and intermediate care facilities, the Secretary [of Housing and Urban Development] shall not insure any mortgage under this section unless he has received, from the State agency designated in accordance with section 291d(a)(1) or section 300m of title 42 for the State in which is located the nursing home or intermediate care facility or combined nursing home and intermediate care facility covered by the mortgage, a certification that (i) there is a need for such home or facility or combined home and facility, and (ii) there are in force in such State or in the municipality or other political subdivision of the State in which the proposed home or facility or combined home and facility is to be located reasonable minimum

> standards of licensure and methods of operation
> governing it. No such mortgage shall be insured
> under this section unless the Secretary has
> received such assurance as he may deem satisfact-
> ory from the State agency that such standards will
> be applied and enforced with respect to any home
> or facility or combined home and facility located
> in the State for which mortgage insurance is pro-
> vided under this section. (Emphasis added).

In short, section 1715w(d)(4)(A) requires an appropriate state agency to make certifications to the Secretary of Housing and Urban Development that there is a need for the facility in question and that the state has appropriate licensing standards for the type of facility in question. Apparently you are using the term "certificate of need" as a shorthand description for the certifications that are to be made by one of the agencies named in section 1715w(d)(4)(A). Your specific question, however, is not whether the governor now has the authority that the Health Facilities Commission had under the now expired provisions of article 4418h, but whether the governor has authority to make the certifications required by the federal government under section 1715w(d)(4)(A).

Under the still extant provisions of article 4418h, the governor has authority to perform certain functions:

> (a) As the chief executive and planning
> officer of this state, the governor is authorized
> to perform those duties and functions assigned to
> him by federal law. The governor is authorized to
> transfer personnel, equipment, records, obliga-
> tions, appropriations, functions, and duties of
> his office to another agency.

> (b) The governor by executive order may
> establish a capital expenditure review program in
> compliance with federal law if the governor finds
> that such a review program is necessary to prevent
> the loss of federal funds. The governor's find-
> ings, including a brief description of the reason
> for the findings, must be included in the text of
> an order issued under this subsection. If
> necessary, the governor may use any available
> funds to implement this subsection.

> (c) An executive order issued under Subsection
> (b) of this section expires on the September 1
> that follows the next regular session of the leg-
> islature that begins after the date the order is

issued, unless an earlier date is specified in the order, or unless the governor rescinds the order before that time.

(d)  The program established by an executive order issued under Subsection (b) of this section, when authorized by the governor, may negotiate an agreement with the Secretary of Health and Human Services on behalf of the State of Texas to administer a state capital expenditure review program pursuant to Section 1122 of the Social Security Act, the federal rules and regulations promulgated under that Act, and other pertinent federal authority, if after thorough review and study, the governor determines that such a review program would be necessary to prevent the loss of federal funds.

V.T.C.S. art. 4418h, §1.05.  (Subsection (a) was amended and subsections (b), (c), and (d) were added by Acts 1985, 69th Leg., ch. 931 art. 2, §2 at 3126).  See expired V.T.C.S. art. 4418h, §2.11 (authorizing the Health Facilities Commission to administer a capital expenditure review program pursuant to section 1122 of the Social Security Act, 42 U.S.C. §1320a-1).  Apparently you are asking whether those provisions authorize the governor to make the certifications required under 12 U.S.C. section 1715w(d)(4)(A).

Section 1715w(d)(4)(A) requires those certifications to be made by agencies designated under other federal statutes.  The certifications required under section 1715w(d)(4)(A) must be made by either the state agency designated under section 291(d)(a)(1) of Title 42 of the United States Code or by the state agency designated under section 300m of Title 42.  The first of those federal statutes, 42 U.S.C. section 291d(a)(1), is part of a federal grant program for assisting states in constructing and modernizing certain medical facilities. See 42 U.S.C. §§291 et seq.  Section 291d(a)(1) provides that a state desiring to participate in the program must submit a state plan designating a single state agency as the sole agency for administration of the plan.  Any such plan and modification to such a plan must be approved by the Surgeon General.  42 U.S.C. §291d(b).  The other federal statute referred to in section 1715w(d)(4)(A) is 42 U.S.C., section 300m, which was the provision of the now repealed National Health Planning and Resources Development Act of 1974 that authorized the Secretary of Health and Human Services to enter into an agreement with a governor designating a state agency to administer the state administrative program provided for in the federal act.  Thus, only a state agency that is the agency approved by the appropriate federal agency under section 291(d) or agreed to by the appropriate federal agency under section 300m would have authority under federal law to

make the certifications required by section 1715w(d)(4)(A). Article 4418h, V.T.C.S., itself cannot give the governor the authority to make the certifications required by section 1715w(d)(4)(A). Thus, even if the governor's powers under section 1.05 of article 4418h, V.T.C.S., included the power to make the certifications required under section 1715w(d)(4)(A) -- and we do not read section 1.05 to give the governor such authority -- the governor could not meet the the requirements of section 1715w(d)(4)(A) unless the governor himself happened to be the state agency designated under either section 300m or section 291(d)(a) of Title 42 of the United States Code.

Correspondence you have submitted with your request leads us to include a caveat in reference to your question. You have submitted a letter from the Department of Housing and Urban Development in which the department informs a Texas mortgage company that because the Health Facilities Commission has been abolished, there is no state agency in Texas that can satisfy the certification requirements of section 1715w(d)(4)(A). Initially, that letter led us to assume that the Health Facilities Commission was the designated state agency under both section 291d and section 300m of Title 42 of the United States Code. Our correspondence with the Department of Housing and Urban Development revealed, however, that the department's assumption that the Health Facilities Commission was the only agency that could satisfy the requirements of section 1715w(d)(4)(A) was based on information it had obtained in the past from persons seeking federal mortgage insurance for Texas facilities. The department apparently had not independently determined what state agency was designated under either of the applicable federal statutes.[1] We have not been informed whether the Health Facilities Commission or any other state agency was ever designated under either applicable federal statute.

As indicated, the answer to your specific question is that the certifications required under section 1715w(d)(4)(A) of Title 12 of the United States Code must be made by an agency approved by the appropriate federal agency. A state statute such as article 4418h, section 1.05, V.T.C.S., cannot by itself confer authority to make those certifications.

---

1. If the Department of Human Services and the governor of Texas agreed that the Texas Department of Health, rather than the Health Facilities Commission, would be the designated state agency under section 300m of Title 42 of the United States Code that agreement could have been terminated when the Health Facilities Commission was abolished if the Department no longer met the requirements of section 300m-1. See former 42 U.S.C. §300m.

## S U M M A R Y

Even if the governor of Texas had authority under state law to make the certifications required under section 1715w(d)(4)(A) of Title 12 of the United States Code, he could not satisfy the requirements of the federal statute unless he was also authorized under federal law to make those certifications.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General